Attorney General Edmondson has asked me to respond to your request for an informal opinion on the question of whether federal circuit court judges have the authority to perform marriages in Oklahoma.
The conclusion which follows is not an official opinion of the Attorney General, but rather is the result of my research and analysis of the issue presented.
Title 43 O.S. 7 (1991) provides in pertinent part:
 "A. All marriages must be contracted by a formal ceremony performed or solemnized in the presence of at least two adult, competent persons as witnesses, by a judge or retired judge of any court of record in this state(.)"
Oklahoma statutes do not define what constitutes a court of record. However, in establishing the federal circuit courts of appeals, 28 U.S.C.A. 43 provides:
 "(a) There shall be in each circuit a court of appeals, which hall be a court of r-cord, known as the United States Court of Appeals for the circuit."
(Emphasis added.)
Thus, the federal circuit court is by definition a court of record.
The next question is whether a federal circuit court of appeals is a court of record in this state. Title 28 U.S.C.A. 48 specifies that the courts of appeal shall hold regular sessions at places listed, and Oklahoma City is one of the places listed for the Tenth Circuit. The courts are then given discretion to hold special sessions at any place within the circuit that the nature of business may require. This would appear to be sufficient to make the court of appeals a court in this state.
In conclusion, it is my opinion that a federal circuit court of appeals constitutes a court of record in this state, and therefore judges of that court may legally perform marriages in Oklahoma.
I hope this analysis has been helpful to you. If you have further questions, please contact me.
(Gay Abston Tudor)